FILED
BILLINGS, MT

2006 JAN 30 PM 2 22

PATRICK E. DUFFY, CLERK
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | Cause No. CR-02-49-BLG-RFC |
| Plaintiff, | ) | |
| v. | ) | **O R D E R** |
| **CLIFFORD G. BIRDINGROUND,** | ) | |
| Defendant. | ) | |

This Court sentenced Defendant Birdinground to a term of 37 months imprisonment in September of 2003. This sentence was rendered pursuant to the United States Sentencing Guidelines, which at the time were mandatory. Subsequently, the United States Supreme Court has held that the Federal Sentencing Guidelines are advisory. *United States v. Booker*, 125 S.Ct. 738, 764 (2005). On June 30, 2005, the United States Court of Appeals for the Ninth Circuit remanded Birdinground's sentence for reconsideration in light of the procedure established in the *en banc* decision, *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005).

On August 9, 2005, this Court entered an Order stating that the sentence would not have been different under advisory Sentencing Guidelines. Defendant filed his notice to appeal that order on August 19, 2005. That appeal is still pending. Subsequently, Defendant moved to stay his sentence pending appeal and the Government moved for an order directing Defendant to surrender for designation of sentence.

1

The Ninth Circuit has already affirmed Defendant's sentence. The purpose of the remand was to determine if the sentence would have been different under advisory sentencing guidelines, as the *Booker* Court directed for all cases pending on direct review. 125 S.Ct. at 769. On August 9, 2005, this Court declined to resentence Defendant under advisory Guidelines. The only appealable issue for Defendant is whether this Court should have asked for the views of counsel before declining to resentence pursuant to *Ameline.*

Defendant implies in his Memorandum filed on September 6, 2005, that he is entitled to a new sentencing hearing at which time he would be allowed to present "...compelling and comprehensive evidence...." (Defendant's Memorandum, p. 5). In the event the Court of Appeals determines that this Court should have sought the respective views in writing prior to its issuance of the August 9, 2005 Order (the Order which is the subject of Defendant's most recent appeal), the Defendant is not and would not be entitled to a hearing. By reason of the fact that the legality of Defendant's sentence has been affirmed by the Court of Appeals (9th Cir. Memorandum Decision No. 03-30397), only the reasonableness of the imposed sentence of 37 months can be questioned. Moreover, the Ninth Circuit Court of Appeals has recently held in *US v. Guerrero-Velasquez,* in pertinent part:

> We also note that, on appellate review, a sentence suggested by the guidelines is presumptively reasonable.

(9th Cir. Decision No. 05-30066, 2006 WL 133494).

Here, the sentence imposed was at the bottom of the guideline range of 37 to 46 months.

Section 3143(b) of Title 18 U.S.C. defines the circumstances under which a defendant may be released pending appeal as follows:

2

**(b) Release or detention pending appeal by the defendant.** (1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds–
    (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
    (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in–
        (i) reversal,
        (ii) an order for a new trial,
        (iii) a sentence that does not include a term of imprisonment, or
        (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

In considering these factors, Defendant states that he is neither a flight risk nor does he pose a danger to the community or the safety of any other person. This Court has previously determined Defendant satisfies this condition.

However, Defendant fails to satisfy the additional requirements as set forth in Section 3143(b)(1)(B). This Court believes it is questionable, at this time, whether or not this appeal is for the purpose of delay. Assuming it is not, however, this appeal does not raise a substantial question of law or fact likely to result in: (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of time already served plus the expected duration of the appeal process.

Defendant entered his plea of guilty on October 4, 2002. Sentencing occurred on September 11, 2003, subsequent to a Motion to Withdraw his guilty plea and after numerous continuances. Defendant Birdinground was released pending appeal at that time. Defendant was released pre-trial and his release was continued pending appeal. Although he was sentenced

almost two and one-half years ago, Defendant has not commenced service of his sentence.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for Stay of Sentence and Release Pending Appeal (*Doc. # 199*) is **DENIED.**

**IT IS FURTHER ORDERED** that the United States Motion for Order Directing Designation and Surrender for Service of Sentence (*Doc. # 200*) is GRANTED. Defendant shall surrender to the United States Marshall's Office, in Billings, Montana immediately following the designation of facility by the Bureau of Prisons.

DATED this 30th day of January, 2006.

RICHARD F. CEBULL
U.S. DISTRICT JUDGE

CERTIFICATE OF MAILING
DATE: 1/30/06
BY:
I hereby certify that a copy of this Order was mailed to:
Carl Rostad
Paul Matt
Penelope Strong
USM
Probation

4